

**ORIGINAL**

JOHN HARRIS PAER     #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
Email: paerj001@hawaii.rr.com

BRUCE H. WAKUZAWA, ESQ. #4312-0
The Dillingham Transportation Building
735 Bishop Street, Suite 433
Honolulu, Hawaii  96813
Telephone:  (808) 523-1007
Facsimile:  (808) 356-3303
email: bruce@bwhawaiilaw.com

Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 14 2008

at 3 o'clock and 50 min   P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LISA LAFORGE, | CIVIL NO. CV08 00370 DAE BMK |
| Plaintiff, | COMPLAINT; EXHIBITS "1" - "4"; SUMMONS |
| vs. | |
| GUARDIAN CAPITAL MANAGEMENT HAWAII, LLC and URGENT CARE MAUI, INC., | |
| Defendants. | |

COMPLAINT

COMES NOW Plaintiff, by and through her undersigned attorney and alleges as follows:

INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. Section 1692, et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason

of the Defendant's violations of that Act.  Plaintiff seeks actual and statutory damages arising out of Defendants' misrepresentations and failure to make required disclosures in the collection of an alleged debt.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C.A. Section 1692k(d) and 28 U.S.C.A. Section 1337. The supplemental jurisdiction of this Court is invoked over Count II of the Complaint, which arises under Chapters 443B and 480 of the Hawaii Revised Statutes.

## PARTIES

3. Plaintiff is a natural person and is a resident and citizen of the United States of America.

4. Defendants are corporations doing business in the State of Hawaii, and are subject to the jurisdiction of this Court.  Defendant Guardian Capital Management Hawaii, LLC is a collection agency and debt collector.

## FACTS

5. Within the year prior to the filing of this action, Defendants have been attempting on behalf of a third party to collect an alleged debt from Plaintiff.

6. On or about December 31, 2005, Plaintiff was treated for a coral scrape by Defendant Urgent Care Maui, Inc.

7. In January of 2006, Plaintiff called Defendant Urgent Care Maui, Inc. and requested a refund of her copay, since

Plaintiff's insurer paid for the treatment in full, and was promised a refund.

8.   In February of 2006, when the promised refund was not forthcoming, Plaintiff contested the charge on her credit card.

9.   Thereafter and throughout 2006, Plaintiff continued to be billed by Urgent Care Maui, Inc.

10.  In January of 2007, Defendant Guardian sent a collection demand letter to Plaintiff.

11.  Also in January of 2007, Plaintiff wrote back on that same letter and disputed the debt, telling Defendant Guardian that she does not owe the debt.

12.  In February of 2007, Defendant Guardian placed adverse information regarding this account on Plaintiff's consumer credit report, showing that Plaintiff owed a "recent balance" of $235.00. A true copy of that entry on the Experian report is attached hereto as Exhibit "1".

13.  On or about April 14, 2008, Plaintiff wrote to all defendants in an attempt to resolve this matter. True copies of the letters sent to each defendant are attached hereto as Exhibits "2" and "3," with private information redacted from the enclosures.

14.  Defendant Urgent Care Maui, Inc. responded to that letter. A true copy of that response is attached hereto as

Exhibit "4".

15. On May 31, 2008, Plaintiff again wrote to Defendant Guardian requesting that they correct her consumer credit report.

16. Defendant Guardian failed to correct Plaintiff's consumer credit report.

17. The underlying debt was incurred primarily for personal, family, or household purposes.

COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff realleges and incorporates paragraphs 1 through 17 of this Complaint.

19. Defendants have violated the Fair Debt Collection Practices Act in the following ways:

(a) Defendants have used false, deceptive and misleading misrepresentations in connection with the collection of the above claim in violation of 15 U.S.C. §1692e.

(b) Defendants have used unfair means to collect and to attempt to collect the above claim in violation of 15 U.S.C. §1692f.

(c) Defendants have not sent to Plaintiff the proper notices and/or verifications required by the Act in violation of 15 U.S.C. §1692g.

(d) Defendants have violated 15 U.S.C. §1692c.

20. Defendants actions were done intentionally, willfully and/or with a reckless indifference to the adverse consequences to and rights of Plaintiff, justifying an award of punitive damages.

COUNT II - UNFAIR AND DECEPTIVE PRACTICES ACT

21. Plaintiff realleges and incorporates paragraphs 1 through 20 of this Complaint.

22. Defendants' actions as described above, and its violations of the Fair Debt Collection Practices Act and/or H.R.S. Chapter 443B, constitute both unfair and deceptive acts and practices in violation of H.R.S. Chapter 480.

23. Defendants' actions in connection with the above-described collection effort were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

24. Plaintiff has suffered injury to her property in an amount to be proved at trial, by reason of Defendants' violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I

1. Award Plaintiff her actual damages as will be proved.

2. Award Plaintiff statutory damages of $1,000.00 per

violation.

3. An award of punitive damages in an amount to be proven at trial.

4. Order Defendants to refrain from making any further adverse reports regarding Plaintiff and also to delete any prior adverse reports regarding Plaintiff;

AS TO COUNT II

5. Award Plaintiff damages in the amount of three times the actual damages, but not less than $1000.00 per violation.

6. Order Defendants to refrain from making any further adverse reports regarding Plaintiff and also to delete any prior adverse reports regarding Plaintiff;

AS TO ALL COUNTS

7. Award Plaintiff reasonable attorneys' fees and costs of Court.

8. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, 8/14/08 .

JOHN HARRIS PAER
BRUCE H. WAKUZAWA
Attorneys for Plaintiff